United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, )<br>Plaintiff )<br> )<br>v. )<br> )<br>Angel Noel Oliva, )<br>Defendant. ) | Criminal Case No. 16-20870-CR-Scola |

**<u>Order Denying Motion for Reduction of Sentence</u>**

This matter is before the Court on the Defendant Angel Noel Oliva's motion for a reduction of sentence under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A). (Mot., ECF No. 82.) The Government has responded opposing the motion. (Resp., ECF No. 85.) Oliva has not replied and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the relevant legal authorities, the Court **denies** Oliva's motion for a reduction of sentence. (**Mot., ECF No. 82**.)

**1. Background**

A grand jury indicted Oliva on seven charges relating to three robberies. (ECF No. 1.) Oliva pleaded guilty to two counts: discharging a firearm in furtherance of a crime of violence and brandishing a firearm in furtherance of a crime of violence. (ECF No. 48.) Oliva's factual proffer stated that on May 16, 2016, Oliva robbed and shot a retail store manager. (ECF No. 49.) Five days later, on May 21, 2016, Oliva robbed a restaurant employee, and led police on a high speech chase. (*Id.*) The Court sentenced him to 212 months in prison followed by five years of supervised release. (J. 2-3, ECF No. 67.)

**2. Legal Standard**

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S.S.G. § 1B1.13(a). As detailed in the applicable

policy statement, extraordinary and compelling reasons may exist where a defendant has a serious health condition, is elderly, has a family member that depends upon the defendant for care, is a victim of abuse while incarcerated, or in other circumstances of similar gravity to those enumerated. *Id.* Effective November 1, 2023, extraordinary and compelling reasons may also exist where "a defendant received an unusually long sentence" due to a subsequent change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed [now,]" and the defendant has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Oliva's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a). The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

### 3. Analysis

As a preliminary matter, the Government does not appear to dispute that Oliva has exhausted his administrative remedies as required by § 3582(c)(1)(A). Next, the Court considers whether Oliva is eligible for a sentence reduction. Oliva's motion fails to allege any ground that would establish extraordinary and compelling circumstances as set forth in the statute. Oliva argues he is serving an "unusually long sentence," seeking a sentence reduction based on U.S.S.G. § 1B1.13(b)(6). (ECF No. 83.) However, that section requires that a defendant has served at least ten years:

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and **has served at least 10 years of the term of imprisonment**, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added). Oliva has served less than eight years

and is therefore ineligible for a sentence reduction under section 1B1.13(b)(6). Because Oliva does not qualify for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

For the foregoing reasons, the Court **denies** Oliva's motion for a reduction of sentence. (**Mot., ECF No. 82**.)

**Done and ordered** at Miami, Florida on March 28, 2024.

_____
Robert N. Scola, Jr.
United States District Judge